**McLaughlin v. Birdsboro Municipal Authority**

C.P. of Berks County, No. 13-16622

SPRECHER, *J.*, Oct. 3, 2014—The issue before this court is the reasonableness of defendant's practice of charging the plaintiffs, as owners of multi-residential dwellings, a premium consumption charge. Defendant's only resolution established that all "Water rates, rents, and charges for use of the Water System by any improved property shall be based upon and shall be computed in accordance with," in pertinent part, the following:

1. Ready-to-Serve Charge ($15.68 for residents and $23.00 for nonresidents)

2. EDU Charge-Water ($3.50 for domestic establishments, $5.431 for commercial establishments, $8.518 for industrial establishments, and $8.518 for public establishments)

3. Consumption Charges. In addition (sic) the ready-to-serve meter charge and the minimum EDU charge, the following consumption charges are applicable to the excess consumption per meter over that allowable under the minimum charge. ($4.992 per 1000 gallons for residents, $7.371 for nonresidents)

A full review of the testimony, the record of the proceedings, and the briefs shows that the single issue raised by the plaintiffs in this litigation is the consumption charges imposed by defendant on plaintiffs' properties.

The stipulation of counsel of April 4, 2014 confirms this point, as does the testimony of record, including defendant's expert, Keith Allen Hill. The issue is not the number of equivalent dwelling units (EDU) or the assignment of ready-to-serve charges. The contention is with section 3 Consumption Charges in defendant's Resolution No. _____, which as stated, concerns excess consumption. Consequently, this court vacated its July 14, 2014 verdict, finding for the defendant and against the plaintiff based on *Chicora Commons Limited Partnership, LLP, v. Chicora Borough Sewer Authority*, 922 A.2d 986 (Pa. Cmwlth. 2007).

## FINDINGS OF FACT

In the case *sub judice*, because there is only one (1) meter for the total twenty-one (21) units, waste by any one tenant(s) cannot result in that tenant(s) being penalized because all the tenants are billed collectively. Thus, anyone who chooses not to conserve will not, in turn, pay any penalty. Presently, with only one meter in the entire apartment building, the landlord, not the tenant, pays the increased cost. Not one tenant is motivated to conserve water.

Certainly, if each tenant is responsible (1) for their own water use, as well as (2) being surcharged for any use of water that exceeds a reasonable allocation, the conservation goal will be realized. If anyone wants to use more water than is reasonable, he or she should pay more. That is the motivation of an excess water use rate.

To make this work, the monthly average water usage amount must be reasonable. If the average is not reasonable, tenants will not pay a penalty for water abuse if the average is set at an unreasonably high consumption

rate or will be unfairly penalized if the average is set at an unreasonably low consumption rate. In either case, the goal of conserving a natural resource is not properly met — either because, on the one hand, the tenant can use almost as much as he wants without being charged an increased cost or, on the other hand, the tenant is unfairly, prematurely penalized if the average is set at an unreasonably low rate.

Water usage for the first 1,000 gallons is billed by defendant at $4.99 per thousand gallons. After that, the cost jumps to $7.46 per thousand. Clearly the 1,000 gallon average is intended to apply to a single family household consumer. This is not what defendant has done in our case. Plaintiff has only one meter for the entire property from which twenty-one (21) receive their water. Thus, plaintiff is penalized even before the first week's water consumption is complete. For the remainder of each month, which is by far the majority of the month, plaintiff must pay a much higher consumption usage.

Plaintiff wants to individually meter each of his apartments in which each separate tenant would have an average water usage set at 1,000 gallons or less per month. Plaintiff is willing to install the meters at his own expense. Defendant has refused this request. Thus, plaintiff continues to pay penalty rates each and every month. This is because the average is used within the first week of each month and will thus be exceeded every month; the average obviously is no longer average. The landlord is unfairly penalized even if he and his tenant are conserving water consistent with the goal of the differing rate schedule.

By defendant's charging increased fees which become applicable after only 1,000 gallons of use, the net effect

is that water consumption is not positively controlled. Two of the witnesses called by defendant testified that the conservation of water is the main reason behind the increasing rate structure which is both a logical conclusion and one that is found from the plain reading of the explanation: "the following consumption charges are applicable to the excess consumption per meter..." Plaintiff has twenty-one (21) individual units, and increased fees should go into effect toward the end of each month for those tenants that waste this precious resource.

Defendant does not have any regulation concerning the application of consumption charges for multi-unit buildings with single meters. Defendant has simply chosen to impose significantly higher consumption rates that are not reasonably proportionate to the service rendered or readily available for use on owners of multi-unit residences. Although this rate is uniformly applied to all owners of multi-unit dwellings, it does not excuse the discrimination against both the tenants and landlord. Uniformity does not equate with fairness! Plaintiffs and others who are similarly situated are forced to pay premium consumption charges without a corresponding benefit or a reasonable relationship to the value of the service rendered. Landlords are burdened with increased water costs. What choice do the landlords have? If they, in general, pass the costs onto their tenants, all tenants share the burden regardless of their actual water consumption. Moreover, this rate structure is not applicable to all landlords; if a landlord owns a single residence dwelling, that landlord or tenant is charged the actual water consumption and not an artificially inflated rate.

Defendant's Metered Rate Schedule includes both

single family dwellings and multi-family dwellings under the heading of "Domestic Establishment," therefore, defendant recognizes that the only difference between the two categories is the number of families that are housed within the dwelling. Defendant reflected this knowledge in the ready-to-serve flat charge of $15.68 per consumer unit per quarter and the EDU flat charge of $3.50 per unit per quarter. Hence, it should have applied the same averaging calculation used by the Chicora Borough Water Authority instead of deviating from the single unit assessment used in the other calculations.

In accordance with the foregoing opinion, this court enters the following Verdicts.

## AMENDED VERDICT

And now, this day of September, 2014, this court finds in favor of plaintiff and against the defendant.

The parties shall submit within thirty (30) days of the verdict, a proposed order covering, if still applicable, the specific details of

1. A continuing preliminary or permanent injunction;

2. Release of monies held in escrow;

3. Any credits due plaintiffs; and

4. The installation and payment for meters.

If the parties are unable to agree on a stipulated order, then this court will schedule oral argument.